United States Courts
Southern District of Texas
F I L E D

JAN 2 7 2023

Nathan Ochsner, Clerk of Court

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DISVISION

WEN LIAN PATIENCE

*Plaintiff*

v.

Montgomery County District

Attorney's department DA

*Defendant*

Civil Action No. 4:23-cv-00185

(*Wp*)

*Amended* **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

## I. The Parties to This Complaint

### A. The Plaintiff:

**Name:** Wen Lian Patience (Pro se)

**Job or Title:** School Teacher, Swimming Coach, Fitness instructor, Music Teacher, Childcare Counselor.

**Address:** 3603 Moss Trail Dr. Missouri City, TX 77459

**County:** Fort Bend County

**Phone:** (713) 516-4354

**Email:** wenlianpatience@gmail.com

### B. The Defendant(s):

**Defendant No. 1,** Montgomery County District Attorney's Department DA

**Address:** 207 W Phillips St #2nd, Conroe, TX 77031

**Phone:** (936) 539-7800

**Email:** DA.Info@mctx.org

**Defendant No. 2,** Shanna Jackson

**Job or Title:** "Intake" working for Montgomery County District Clerk

**Address:** 207 W Phillips St #2nd, Conroe, TX 77031

**Phone:** (936) 539-7800

**Email: Shanna.Jackson@mctx.org**


**Defendant No. 3,** Lee Romero

**Job or Title:** Montgomery County Assistant District Attorney

**Address:** 207 W Phillips St #2nd, Conroe, TX 77031

**Phone:** (936) 539-7800

**Email: Lee.Romero@mctx.org**


**Defendant No. 4,** Carmen Morales

**Job or Title:** Montgomery County Assistant District Attorney for State

**Address:** 207 W. Phillips St., Conroe, Texas 77301the event

**Phone:** 936-788-8344

**Email: carmen.morales@mctx.org**


**II. Basis for Jurisdiction**

*Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.*

   **A.** The plaintiff, Wen Lian Patience, is bringing suit against Federal officials (a Bivens claim) and State or local officials (a § 1983 claim)

***B.*** *Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?*

The defendants, Montgomery County District Department DA, Shanna Jackson, **Lee Romero** and **Carmen R. Morales,** violated the plaintiff's the Fourteenth Amendment equal protection rights and the Sixth Amendment right to a fair and impartial, that for purposes of **42 USCS  §** 1983, and acting under Color of State Law**.** they were acting in color of state law, and prosecutorial misconduct, Malicious Prosecution and abuse of process, defamation, and perjury for the state when acting in Montgomery County capacity, clearly violated her civil rights.

The defendants (Shanna Jackson, Lee Romero, and Carmen R. Morales) were acting "under color of" state-level or local law has deprived the plaintiff of rights created by the U.S. Constitution or federal statutes, the conduct complained of was committed by their acting under the color of state law; and the conduct deprived the plaintiff of a constitutional right.

On the other hand, in accordance with Shanna Jackson's complaints and Lee Romero's false information, purposeful and intentionally made lies under oath to the truth in a matter and committed a crime of perjury that has provided for waiver of

immunity in the negligence of employees acting within their scope of employment under Tex. Civ. Prac. & Rem. Code Ann. 101.021 of the Texas Tort Claims Act. Furthermore, **Carmen R. Morales relied on false statements from** Shanna Jackson's complaints **and** Lee Romero's **information, malicious prosecution,** sought criminal charges warrant and presented **false accusation** and false allegation, and Order of Deferred Adjudication to the judge did not have an objectively reasonable basis for believing there was probable cause to support the warrant, they should not be entitled to qualified immunity.

*C. Plaintiffs suing under Bivens may only recover for the violation of certain constitutional rights. If you are suing under Bivens what constitutional right(s) do you claim is/are being violated by federal officials?*

The violation of the plaintiff's **<u>Fourth Amendment</u>** rights by federal officers, Montgomery County District Attorneys, gave rise to a federal **<u>cause of action</u>** for damages for malicious prosecution and abuse of process, gross negligence, perjury and defamation, false accusation, addition of the negligence of their acting under Color of State Law, abuse of power, false allegations, and false charges claims involving with a clear plan and purpose of causing harm to the plaintiff, Wen Lian Patience's reputation resulting from the accusation brought against her, mental anguish and the emotional distress resulting from the proceedings.

*D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under Bivens, explain how each defendant acted under color of federal law.*

In order to state claim for deprivation of rights under <u>42 USCS § 1983</u>, the plaintiff is showing that (1) **Shanna Jackson**'s criminal complaints and **Lee Romero**'s false information under oath was committed by their acting under color of law; (2) The defendants, Montgomery County DA, **Shanna Jackson's** Complaints, and **Lee Romero**'s information under oath with knowledge and intent, provided false statement which committing a crime of Perjury, and state attorney **Carmen Morales's false allegation, false accusation, and false charges** in fact deprived them of rights, privileges or immunities secured by Constitution or laws of United States; (3) The Montgomery County DA's conduct caused deprivation of federal constitutional rights on acting under color of state law, deprived plaintiff of right, privilege, or immunity secured by Constitution or federal law, under Texas Constitution Amendment XXIX; in the plaintiff's right of Connecticut Constitution guaranteeing to (1) fair treatment and respect throughout the criminal justice process;

(2) timely disposition of the case following arrest of the accused the accused, provided no right of the accused is abridged; (3) reasonable protection from the accused throughout the criminal justice process; (4) notification of court proceedings; (5) attend the trial and all other court proceedings the accused has the right to attend, unless the victim is to testify and the court determines that his testimony would be materially affected by hearing other testimony; (6) communicate with the prosecution; (7) object to or support a plea agreement entered into by the accused and prosecution and to make a statement to the court prior to acceptance of the plea; (8) make a statement to the court at sentencing; (9) restitution, which is enforceable in the same manner as other actions or as otherwise provided by law; and (10) information about the arrest, conviction, sentence, imprisonment, and release of the accused.

The defendants, employees of Montgomery County District Attorney's Department (Shanna Jackson, Assistant District Attorney **Lee Romero** and state attorney **Carmen Morales**), they acted ultra vires, abused their power, violated the law, and committed a crime, Perjury; false allegation, and false chargers not only without probable cause but also purposeful made lies under oath to the truth in a matter on their complaints and information; the involvement of Montgomery County District Attorneys in a conspiracy of Malicious prosecution, abuse of process and

perjury, gross negligence, and defamation, and false allegations and acting color of state laws clearly proves their action showing a direct violation of the Fourteenth Amendment equal protection rights, the Sixth Amendment right to a fair and impartial, that for purposes of 42 USCS § 1983, and action under Color of State Law.

Shanna Jackson filed formal complaints with false statements (lies) and county district Attorney Lee Romero's information with malicious prosecution under oath against the plaintiff, Wen Lian Patience, is sufficient to show that they initiated the criminal prosecution, and caused the State Attorney Carmen R. Morales intentionally charged the plaintiff guilty of Terroristic Threat of Family/household, and Assault Cause Bodily Injury Family Violence **under 18 U.S.C. Section 922(g)(o) or Section 46.04(b), Texas Penal Code** without probable cause (*ORDER OF DEFERRED ADJUDICATION cause No. 20-350258 and Cause No. 20-35029),* which clearly confirmed the defendants not only abused their power and violated the law but also violated the plaintiff's constitutional right; protection from self-incrimination; due process of law and the rights to a trial by jury for criminal charges; equal protection; freedom /Rights from unreasonable search, arrest and charges; the right to petition the government (Cause: *20-350258 and Cause No. 20-35029, Trial Court's Certification of Defendant's Right of Appeal is a plea- bargain case, and the defendant (the plaintiff, Wen Lian Patience) has NO right of appeal)*

Plaintiff is suing s under Biven that the defendant acted under color of federal law. The defendants *(Shanna Jackson, Lee Romero, Carmen R. Morales and Montgomery County District attorney 's Department)* violated the plaintiff's civil right for right to equal protection under the law, right to due process; they intentionally shielded a crime and purposely protected Christine Hendricks Hodson's criminal action of violation Texas laws and to harm innocent victim (the plaintiff), their misconduct is unconstitutional because it violates the Equal Protection Clause of the Constitution, and right to due process.

The Court has subject-matter jurisdiction over this claim against the defendants, **Montgomery County District Attorney's department** DA under the Texas Tort Claims Act (TTCA) and under 42 U.S.C.A. § 1983 and Bivens, pursuant to violations of 42 USCS § 1983, and action of Color of State Law. The Texas Legislature waived their employees (Shanna Jackson, Assistant District Attorney **Lee Romero** and state attorney **Carmen Morales**)'s sovereign immunity for malicious prosecution and abuse of process, gross negligence, perjury and defamation, addition of the negligence of their acting under Color of State Law, abuse of power, false allegations, and false charges claims involving with a clear plan and purpose of causing harm to the plaintiff, Wen Lian Patience's reputation resulting from the accusation brought against her, mental anguish and the emotional distress resulting

from the proceedings, and unwarranted mistrust and fear of people *(if the law enforcement and district attorney, and defendant lawyers made lies, intentionally shield a crime and purposely protect criminal action for violating laws, and false accusation in legal system, who the plaintiff can trust in society? She felt the world is full of darkness.),* those harm legally caused by **Montgomery County DA** Shanna Jackson's Complaints, and **Lee Romero**'s false information under oath with knowledge and intent, provided false statement misleading and causing the plaintiff to be false charged for Terroristic Threat of Family/household, and Assault Cause Bodily Injury to Family Violence *under 18 U.S.C. Section 922(g)(o) or Section 46.04(b), Texas Penal Code by Carmen Morales's false accusation,* suffered by the plaintiff during the course of the proceeding, and pecuniary loss legally caused by the proceeding. The defendants' actions and inactions caused the plaintiff to be deprived of rights, privileges, and immunities secured under the Constitution of the United States and under laws of Texas, and the defendants deprived the plaintiff of personal liberty and dignity, and violation of the plaintiff's rights guaranteed under the constitution of the United States, and her civil right and human rights; the plaintiff, Wen Lian Patience, suffered psychological harm and mental distress; is subjected to fear, humiliation, embarrassment, and defamation of her character and reputation; missed job opportunities; and had suffered in from malicious prosecution, wronglly

arrested and false charges.

Under 42 USCS § 1983, the plaintiff, Wen Lian Patience, has a civil cause of action for damages for deprivations of federal constitutional or legal rights by the **Montgomery County DA** acting under color of state law; and the intentional misuse of state power was present where the **Montgomery County DA**'s groundless and vexatious criminal suits that their employees, Shanna Jackson's criminal complaints and **Lee Romero**'s false information and **Carmen Morales false accusation** against the plaintiff, Wen Lian Patience, without probable cause; and the suit was also brought with malicious, defamation and perjury intent to shield and protect a crime of Christine Hendricks Hodson's criminal action by violating the Texas laws under *Texas Penal Code 37.09 Tampering with or Fabricating physical Evidence* by planting red paint on Richard Patience's head and face; *Texas Penal Code 37.02 & 37.03 Perjury Texas Penal Code 37.08* by making false statements; *Texas Penal Code 42.061 Abusive to 911 Service*.

The defendants, they were negligent as a matter of law because they owed duty to the plaintiff, Wen Lian Patience, and their actions were the proximate cause of malicious criminal prosecution, they are not entitled to official immunity from this suit arising from the performance of their (1) the actions committing a crime, perjury, making lies under oath with the district court clerk (2) bad faith as they were,

fabricated false evidence (3) acting outside the scope of their authority. (4) actions involving matters within their discretion as County District Attorneys, purposely and intentional to shield and protect a crime. Thus, they should NOT be defense of official immunity for their actions in the malicious criminal prosecution against the plaintiff did involve matters within their discretion.

In Addition of actions with malice and reckless disregard when they had serious doubts about the false statements; they not only knew the statement was false, but they also intentionally and purposely fabricated false evidence; they acted with ill will to protect a crime, Christine Hendricks Hodson's criminal actions for violating Texas laws, and intended to harm the plaintiff's reputation by false charges. **The plaintiff's criminal process was extremely unfair;** the defendants, Montgomery County DA's malicious prosecution and acting with the color of law authority to false charger the plaintiff, having committed the offense of Terroristic Threat of Family/household, and Assault Cause Bodily Injury to Family Violence not only without probable cause but also with false allegations and false accusation and perjury, to shield and protect a crime of Christine Hendricks Hodson's criminal action of violating Texas law, but **the plaintiff did not get any protection from the criminal justice process,** and she had no ideas what was going on court proceeding and why she was arrested, and what she did wrong to commit a crime to be charged

for Terroristic Threat of Family/household, and Assault Cause Bodily Injury to Family Violence **under 18 U.S.C. Section 922(g)(o) or Section 46.04(b), Texas Penal Code. The plaintiff requested to have the evidence from the Montgomery County DA few times, but they tamper evidence, withheld material facts, and misrepresenting the truth.**

The defendants, Montgomery County DA's natural authority was misused to false charge, tamper evidence, withheld material facts, and misrepresent the truth of the facts, and intentionally and purposeful to shield and protect a crime by Christine Hendricks Hodson's criminal action of violating Texas laws, **they also purposeful and intentionally cited a name who was not a real person**, and falsely represented Shanna Jackson's relationship with the plaintiff, Wen lian Patience or Richard Patience, and false allegations, to be committed a crime, perjury. Therefrom, **the defendants, Montgomery County** DA, subjected the plaintiff, Wen lian Patience, to the deprivation of rights, act under color of law. As reason for that, the defendants, Montgomery County District Attorneys' department, should also be liable under 42 U.S.C.A. § 1983 and Bivens.

*The Montgomery County DA, could have ascertained the falsity of the charge had the defendants exercised reasonable diligence in performing their duties and NOT neglected to make a reasonable factual investigation of the charge and its*

*information!!*

**But, the defendants** (Shanna Jackson, **Lee Romero, Carmen Morales), Montgomery County** DA, brought criminal cases without adequate justification; they filed complaints and information against the plaintiff without an adequate basis and for an improper purpose, harassing the plaintiff (Wen Lian Patience), ruining her reputation, to knowingly place blame on the plaintiff, with intentionally and purposely to protect the wrongdoer, a criminal (Christine Hendricks Hodson criminal behaviors under *Texas Penal Code 37.09 Tampering with or Fabricating physical Evidence* by planting red paint on Richard Patience's head and face; *Texas Penal Code 37.02 & 37.03 Perjury Texas Penal Code 37.08* by making false statements; *Texas Penal Code 42.061 Abusive to 911 Service,  and Shanna Jackson violated Texas Penal Code 37.02 & 37.03 Perjury Texas Penal Code 37.08*); although they knew and have known the evidence was insufficient, they still intentionally and purposely introduced false statement, hearsay statement, fabricated evidence, untrue and unfounded character evidence, lies from a witness (Christine Hendricks Hodson) and false testimony to support a reasonable suspicion, and to establish "probable cause" to believe that the plaintiff Wen Lian Patience committed a crime. Likewise, the defendant engaged in prosecutorial misconduct for failing to disclose exculpatory evidence; Tampering with evidence; introducing false evidence

and fabricated evidence; using improper investigative, and making a false allegation of entrapment the Plaintiff (Wen Lian Patience) to commit a crime; convincing the plaintiff (Wen Lian Patience) to plead guilty through false promises or misrepresentations about the existence of incriminating evidence; (*the plaintiff hired four defense attorneys, three of them convinced the plaintiff to accept and agree on the DA deals and the judge's decision, if NO, the plaintiff could be sent to jail for one year);* Knowingly and intentionally presenting false witness testimony (Christine Hendricks Hodson) and fabricated evidence to the court.

In the light of **prosecutorial misconduct,** Prosecutors (Shanna Jackson, **Lee Romero** and **Carmen Morales**), who brought the criminal cases without adequate justification, malicious prosecution and abuse of process, gross negligence, perjury and defamation, addition of the negligence of their acting under Color of State Law, and abuse of power, are sued for doing so, they are NOT protected by prosecutorial immunity and the scope of authority because their actions were egregious enough and extremely serious in the legal system.

The defendant not only caused a malicious prosecution, and committed defamation per se imputed crime and perjury, but also Abuse of process. There were facts and the evidence conclusively showed that the defendant (the employees of the Montgomery County District Department, Shanna

SJackson, District's attorney Lee **Romero** the prosecutor **Carmen Morales)** acted with malice and under color of state laws. The plaintiff's Malicious Prosecution and abuse of process, defamation, and perjury claims clearly and evidently proved that (1) the defendant (Montgomery County District Department) used legal process for ulterior purpose to cause false charges for Terroristic Threat of Family/household, and Assault Cause Bodily Injury to Family Violence; (2) the defendant (Montgomery County District Department) intentionally or willfully committed further act in the use of the process that was not proper in the regular conduct of the initiated proceeding such as the criminal proceeding against the plaintiff Wen Lian Patience without probable cause and with malice and (3) the plaintiff Wen Lian Patience was directly injured or damaged by the wrongful use of the process. (Defendant maliciously causes process to issue without probable cause) (4) commencement of a criminal prosecution against the plaintiff; (Shanna Jackson and Lee Romero filed complaints and information against the plaintiff, State crime was filed by Montgomery County DA as *cause: 20-350258, and Case: 20-350259)* (5) the defendant's initiation or procurement of that prosecution;(Shanna Jackson and **Lee Romero,** filed formal criminal complaints and information under oath knowingly false statements with Montgomery County District Attorney's Department, the clerk on June 2nd, 2020) (6) termination of the prosecution in the plaintiff's favor; (the

plaintiff's both criminal charges were dismissed on November 17, 2021, she was innocent victim.) (7) the plaintiff's innocence; (8) lack of probable cause to initiate or procure the prosecution; (the "Defendant" had all the evidence, they knew very well Shanna Jackson and Lee Romero's complaints and information introduced false statement, hearsay statement, fabricated evidence, untrue and unfounded character evidence, lies from a witness (Christine Hendricks Hodson) and false testimony to support a reasonable suspicion that the plaintiff Wen Lian Patience committed a crime. The criminal prosecution against the plaintiff not only lack of probable cause to initiate or procure the prosecution, but their actions also was committed perjury) (9) malice in filing the charge; (there was clear evidence showing that Shanna Jackson and Lee Romero, intentionally filing criminal complaints and information against the plaintiff with actual malice, and under oath and knowingly false statements that formed the decision to prosecute the plaintiff. They violated the law and committed a crime for Perjury under *Tex. Pen. Code § 37.02 Perjury and purposely* to shield and protect a crime of Christine Hendricks Hodson's criminal action to harm the plaintiff in our society and malice in filing the charge) and (10) damage to the plaintiff. (the plaintiff's loss of reputation in the past and future as a teacher for over 15 years in Fort Bend County because of criminal record background, loss of earning capacity and employment; injury to feelings, mental anguish.) Thus,

It can be sufficient proof both malicious prosecution and abuse of process has been established because the initial process is unjustified and that process is later used in an improper fashion, and defamation per se imputed crime, libel per se, and perjury had committed.

## III. Statement of Claim

*State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.*

1. *Where did the events giving rise to your claim(s) occur?*

   The events of malicious prosecution occurred in Montgomery County, and the events happened at 3603 Magnolia Crest Ln. Spring, TX 77386.

2. *What date and approximate time did the events giving rise to your claim(s) occur?*

   The events happened between 11:00 am to 1:00 pm on May 28, 2022.

3. *What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

On the morning of May 28, 2020, at 3603 Magnolia Crest Ln. Spring Texas 77386, Montgomery County, Texas, Plaintiff, Wen Lian Patience with a friend of her family (74 years old) approached the driveway of her community property residence at that address to speak to her ex-husband, Richard Lewis Patience, at which time Christine Hendricks Hodson (Richard L. Patience's mistress) falsely claimed the Plaintiff had a gun and further engaged in dialogue that worsened the situation and resulted in malicious intent to involve the authorities by planted red paint on Richard's face as "the blood all over Richard's head and face and then calling and abusive Montgomery County 911 service, and lied to the operator that she saw the Plaintiff (Wen Lian Patience) had weapon, gun and tried to break in the house and intended to kill Richard Patience and her. But actually, the Plaintiff was outside the house and trying to speak to Richard Patience through a small opening by the door, suddenly Richard pushed Plaintiff sufficient force to push Plaintiff s face and cause Plaintiff s lip bleedingly and swollen. Christine Hendricks Hodson worsened the situation

by telling Richard that Plaintiff had gun and would kill Richard and her. Richard's right arm grabbed Plaintiff's neck from behind, left hand searched Plaintiff's body, Plaintiff was struggling to breath and hit Richard's head once by cellphone as a matter of self-defense. Christine Henricks Hodson made false report/statements to the officer responding to the 911 call, operator and Deputy R. McClintock (11401), with the objective of portraying the Plaintiff as having being unstable and acting with premeditated intent to cause serious or mortal injury to Richard Patience. These statements included allegations of having practiced handling a firearm at a shooting range and alleging that their children had described Plaintiff as unstable and that Plaintiff expressed a desire to kill both Richard Patience and Christine Hendricks Hodson. As a result of those statements, and despite no evidence of having a firearm, **On May 28, 2020,** after the deputies arrived on the scene at Richard Patience's house in Spring, Texas,, the deputy searched the plaintiff's body, she did not have any weapon gun; Richard Patience's report also stated that the plaintiff did not have gun; the Ambulance was on scene after the deputies arrived,  the EMS personnel/paramedics checked Richard Patience's head, face and body, but they did not apply any medical care or First Aid and then they left the scene without any reports or

documents from EMS providers/paramedic about Richard Patience injuries on May 28, 2020 (*Investigation #20M3886, AFFIDAVIT OF NO RECORDS and no medical document for Richard Patience bodily injury on or about May 28, 2021*). Moreover, Richard Patience also requested NO charges on his report and orally implored the deputy not sending the plaintiff to jail; despite this, the responding officer was motivated to wrongful arrest Plaintiff and sent the plaintiff to jail for Trespass Warning under the Texas Penal Code Chapter 30, Section 30.05 referred to as Criminal Trespass.

On June 1st, 2020, Shanna Jackson and **Lee Romero** filed two criminal complaints and information against the plaintiff, Wen Lian Patience, that was submitted for record with County Clerk, Montgomery County, Texas on June 2nd, 2020 at 8:50:31 am; the complaints and information (Cause 20-350258 and Cause 20-350259) under oath were signed by Shanna Jackson and Assistant District Attorney **Lee Romero**; and Montgomery County Assistant District Attorney Lee Romero prosecuted a criminal case against the plaintiff on behalf of the state.

Shanna Jackson, submitted her Complaints (Cause No. 20-350258, and Cause No: 20-350259) willingly misleading, and made unreasonable demands for purposes of **Malicious** and under oath said that she has good reason to

believe and does believe that on or about May 28, 2020, in Montgomery County, Texas, Wen Lian Patience (the plaintiff), hereafter styled the Defendant (*the plaintiff Wen Lian Patience*), did then and there threaten to commit an offense involving violence to a person or property, name, assault, with intent to place Richard Patience/ **Christine Patience** in fear of imminent serious bodily injury, and the said conduct of the defendant constituted family violence; did then and there intentionally, knowingly, recklessly cause bodily injury to Richard Patience and the complainant *(the defendant Shanna Jackson),* Striking the complainant *(the defendant Shanna Jackson),* it is further presented that alleged act constituted Family violence in that the complainant *(the defendant Shanna Jackson)* is a member of the defendant's *(the plaintiff Wen Lian Patience)* family or household or a person with whom the defendant *(the plaintiff Wen Lian Patience)* has or has had a dating relationship, as described by Section 71.003 or 71.005 or 71.0021(b), family code.

The defamatory statements set forth above are false. According to *Tex. Fam. Section § 71.003 Family,* the complainant, **Shanna Jackson, is NOT** the defendant *(the plaintiff Wen Lian Patience)***'s family member;** Based on *Section 71.005 Household,* **Shanna Jackson neither lived with the plaintiff**

Complaint for Violation of Civil Right under 42 U.S.C.A. § 1983 and Bivens January 27, 2023

**Wen Lian Patience or Richard Patience together in the same house, on the other hand, Shanna Jackson was not related to them (the plaintiff Wen Lian Patience and Richard Patience) at all.** By *Section 71.0021(b) Dating Violence*, **Neither the plaintiff Wen Lian Patience or Richard Patience has or has had a dating relationship with Shanna Jackson.** (see Exhibit C: attached Complaint Cause 20-350259). In addition, the defendant introduced false evidence with **Shanna Jackson** and **Lee Romero**'s complaints and information in order to testify that the plaintiff committed the crime with which she was being charged.

**On May 28, 2020, the plaintiff was wrongfully arrested, and sent to jail under the Texas Penal Code Chapter 30, Section 30.05 as Criminal Trespass** (TRESPASS WARNING). But she was charged guilty of Terroristic Threat of Family/household, and Assault Cause Bodily Injury to Family Violence *under 18 U.S.C. Section 922(g)(o) or Section 46.04(b), Texas Penal Code.* **By** the prosecutor **Carmen Morales** on December 1st, 2020. ( *ORDER OF DEFERRED ADJUDICATION cause No. 20-350258 and Cause No. 20-35029)*

What is even more outrageous was that **Christine Patience was not a real person,** and there was NO any evidence of the fact in issue for proof that

the plaintiff, Wen Lian Patience, did then there intentionally, knowingly, or recklessly causes bodily injury to Richard Patience, or assault, with intent to place Richard Patience/ **Christine Patience** in fear of imminent serious bodily injury; there also was NO any evidence of the fact in issue for proof that the plaintiff, Wen Lian Patience, did then there intentionally, knowingly, or recklessly cause bodily injury to Richard Patience and the complainant *(Shanna Jackson)*, Striking the complainant *(Shanna Jackson)*.

## IV . Injuries

*If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.*

**Specification of Injuries:** As a direct and proximate result of Montgomery County DA's groundless and vexations suits against the plaintiff, false allegations, and false charges, the plaintiff, Wen Lian Patience suffered blows mental and emotional pain, anguish, loss of companionship and society, inconvenience, loss of enjoyment of life, injury to reputation, loss of income, wages, or earning capacity. The intentional "dignitary" tort of malicious prosecution and abuse of process is brought by Shanna Jackson and **Lee Romero** and **Carmen R. Morales** against the plaintiff, a criminal action has proceeded without any probable cause and with malicious intent, which injury to the plaintiff's human dignity, also includes infliction

of emotional distress.   The plaintiff suffered great shock from the defendant, Montgomery County DA for violating the plaintiff's civil rights and human rights under the United States Constitution to the mental health of her entire "nervous system", she lost trust in people, and she lives in fear, she still has nightmares about the defendant's malicious prosecution, defamation, and perjury. The Montgomery County DA filed complaints intentionally and knowingly to harm the plaintiff for shielding and protecting the crime of Christine Hendricks Hodson's criminal action by violating Texas Laws in our society. These injuries from Montgomery County DA's groundless and vexations suits against the plaintiff, caused her mentally full with fears, that would be permanent in her mind to destroy her nature high- quality character, and in reasonable probability; the plaintiff will suffer for a long time into the future, if not justice, human rights, and civil rights for the balance of her natural life.   The defamatory statement and fabricated evidence, untrue and unfounded character evidence that terrified the plaintiff extremely to "death", has caused the plaintiff  to suffer extreme mental anguish, fearful mind of the way defendants, Montgomery County DA, violated the laws to shield and protect a crime in society, and an illusion the world full of darkness.

The plaintiff, Wen Lian Patience, injured is entitled to adequate compensation covering all the elements of the particular injury. Such elements of damages include

loss of time, peril to life and liberty, injury to fame, reputation, character, and health, mental suffering, general impairment of social and mercantile standing, actual loss and injury to property, interest, and credit; decrease in earning capacity; and all losses sustained in her job occupation as a teacher and sport coach. Additional elements of damages allowed in actions for malicious prosecution are expenses incurred in order to obtain the plaintiff's release from wrongfully arrest and in the defense of a criminal prosecution and loss of earnings prior to the conclusion of the criminal prosecution as a direct result of prosecution and false chargers. Such damages must be the direct, natural, and proximate result of the former suit. Expenses incurred or paid about the original proceeding by plaintiff and attorney's

fees which have been incurred by her,

The plaintiff is entitled to exemplary damages from the defendant, Montgomery County DA, because they acted with the malice required to support an award of exemplary damages. The Montgomery County DA acted with a specific intent to injury the plaintiff and violated. The defendant's complaints and information clearly established that they acted with malice because they knew the complaints and information in question was false, they acted with reckless disregard when they had serious doubts about the false statements; they not only knew the statement was false, but they also intentionally and purposely fabricated false evidence; they acted with

ill will to protect a crime, Christine Hendricks Hodson's criminal actions for violating Texas laws; they intended to harm the plaintiff's reputation. Therefore, the plaintiff must secure an award of exemplary damages based on clear and convincing evidence.

The plaintiff should recover Reputational damage and character damages in an action for the defendant's defamation, libel, and malicious prosecution for the plaintiff's loss of her reputation in the past and future, the plaintiff was wrongfully arrest and false charges that the criminal background and people within a community, teachers, children parents believed the rumors, and had changed opinion of the plaintiff.

## V . Relief

*State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.*

**Special Damages:** Prior to groundless and vexations suits, malicious criminal prosecution and the defamatory statements by Montgomery County DA in 2020, the plaintiff has been employed as a teacher for over 15 years. At the time of groundless and vexations suits, and malicious criminal prosecution, the plaintiff was engaged full time at her normal occupation, and part time weekends school teacher, and was

being paid for an average rate of $30 per hour, plus benefits.

As a direct and proximate result of the defendant's malicious prosecution, the plaintiff's employment was terminated in 2020, and lost over $ 40,000.00 on hiring defense attorneys, paid over $2,000.00 for mental therapists and $1,000.00 for Bond because of malicious criminal prosecution.  As a result of this termination, the plaintiff has lost over $ 90,000.00 in wages and benefits to date, and will continue to lose wages and benefits at the rate of $ 35 per hour until judgment is rendered in this case, and future income loss because of criminal background. Because of the malicious criminal prosecution and criminal background, their effect on the plaintiff's reputation, the plaintiff is unable to obtain any alternate or comparable employment.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or

discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

## A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:

Signature of Plaintiff

Printed Name of Plaintiff